**WAYNE GREENWALD, P.C.**
*Attorneys for the Reorganized Debtor*
*Bella Havana, Inc.*
**475 Park Avenue South - 26th Floor**
**New York, New York 10016**
**212-983-1922**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re                                                        Case No.: 17-10255-MKV

BELLA HAVANA, INC.,                                          In Proceedings for
                                                             Reorganization under
                   Reorganized Debtor.                  Chapter 11
-----------------------------------------------------------X

### REORGANIZED DEBTOR'S APPLICATION FOR A FINAL DECREE CLOSING ITS CHAPTER 11 CASE, PURSUANT TO 11 U.S.C. § 350(A), FED.R.BANKR.P. 3022, AND LOCAL BANKRUPTCY RULE 3022-1, WITH POINTS AND AUTHORITIES

TO:    HON. MARY KAY VYSKOCIL
          UNITED STATES BANKRUPTCY JUDGE

The Reorganized Debtor, Bella Havana, Inc. ("BHI" or the "Debtor"), by its attorneys Wayne Greenwald, P.C., represents:

### PRELIMINARY STATEMENT

1. BHI asks this Court to enter: a.) the proposed Final Decree, annexed hereto as Exhibit "A", pursuant to 11 U.S.C. § 350(a), Fed.R.Bankr.P. 3022, and Local Bankruptcy Rule 3022-1; and b.) orders granting such other and further relief as the Court deems proper (the "Application").

## BACKGROUND AND JURISDICTION

2. BHI filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 1, 2017, on an emergence basis

3. BHI has been continued in the possession of its property and operation of its business as debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

4. BHI is in the business of owning and operating a restaurant serving Cuban cuisine.

5. No committee of unsecured creditors was appointed in this case.

6. On February 9, 2018, this Court entered its order giving final approval to BHI's Disclosure Statement and Confirming BHI's Plan of Reorganization (the "Plan").

7. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157, and the Debtor's confirmed Plan.

8. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

9. This motion concerns a "public right."

10. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

## Performing the Plan

11. Pursuant to the Plan, as of its Effective Date, BHI was authorized, to take any and all actions necessary or appropriate to implement the Plan.

12. BHI made all distributions the Plan required.

13. General unsecured creditors are paid, in full.

14. BHI is current on its payments to taxing authorities, required by the Plan.

15. There are no adversary proceedings.

16. There are no objections to claims

### Compliance with Tax and Regulatory Requirements

17. BHI has prepared or will prepare and filed all of its required tax returns

### Resolution of All Claims and Equity Security Interests

18. Through the Plan, BHI has resolved all Claims against it and assertion of equity security interests

### Prosecution of Avoidance Actions

19. As stated in the Disclosure Statement. BHI and its professionals, reviewed the Debtor's books and records to assess the availability and viability of causes of action seeking recovery of avoidable transfers pursuant to Article 5 of the Bankruptcy Code, or and other claims

20. After such review, BHI determined not to prosecute such actions.

### Distributions

21. When the Plan went effective, BHI paid its allowed unsecured the full amount of their Allowed Claims

22. It also commenced paying taxing authorities the periodic payments, the Plan requires.

23. BHI is current on those payments.

24. Taxing authorities received not less than 18% of the amounts owed on their Allowed

Claims.

## LEGAL AUTHORITY

25. 11 U.S.C. § 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

26. Fed.R.Bankr.P. 3022, implements 11 U.S.C. § 350:

> "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

27. Local Bankruptcy Rule 3022-1 requires debtors to file and serve upon the United States Trustee a closing report after the estate is fully administered.

28. Fed.R.Bankr.P 3022's Advisory Committee Note (the "Advisory Committee Note") provides, in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include:
>
> (1) whether the order confirming the plan has become final,
>
> (2) whether deposits required by the plan have been distributed,
>
> (3) whether the property proposed by the plan to be transferred has been transferred,
>
> (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan,
>
> (5) whether payments under the plan have commenced, and

17-10255-rg    Doc 76    Filed 12/13/19    Entered 12/13/19 16:06:02    Main Document
Pg 5 of 7

   (6)  whether all motions, contested matters, and adversary proceedings have been finally resolved.

29. A case should not be held open of the possibility that the court's jurisdiction may be involved in the future. A final decree does not deprive the court of jurisdiction to enforce or interpret its own orders or not prevent it from reopening the case for cause pursuant to 11 U.S.C. § 350(b) of the Code.

30. The Advisory Committee Note's six factor are usually used to determine whether a case has been fully administered. *See, e.g., In re Aquatic Development Group, Inc.,* 352 F.3d 671, 676 (2d Cir. 2003); *In re Gould*, 47 B.R. 34, 37 (Bankr. D. Conn. 2010); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997); *In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

31. The six factors are just guidelines to aid courts' determinations. Each of the factors need not be present for a final decree. *See Kliegl Bros.,* 238 B.R. at 542; *Mold Makers*, 124 B.R. at 768-69; see also *Walnut Associates v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994).

32. This Court entered the Confirmation Order on February December 9, 2018.

33. The Confirmation Order was not appealed and is a Final Order.

34. The Plan was substantially consummated upon the occurrence of the Effective Date.

35. All property contemplated to be transferred or distributed pursuant to the Plan has been transferred or disbursed to creditors entitled to such distributions or will be disbursed pursuant to the Plan and Final Decree.

36. The no motions, contested matters, or adversary proceedings were filed or need resolution

37. have also been fully and finally resolved.

38. The Debtor also requests that the Court close the Chapter 11 Case in light of section 1930(a)(6) of title 28 of the U.S. Code, which requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed.

39. The Debtor does not owe any money to the Clerk of the Court as of the date hereof.

40. The Debtor previously submitted all monthly and other post-confirmation reports required under the Local Bankruptcy Rules and the Plan.

41. The Debtor will make any final payments due to the United States Trustee in connection with this Application.

42. Based on the foregoing, ample justification exists for entry of a final decree closing the Chapter 11 Case.

## THE CLOSING REPORT

43. Compliant with Local Bankruptcy Rule 3022-1, attached hereto as Exhibit "B" is a copy of BHI's Bankruptcy Closing Report.

44. The Closing Report summarizes the fees and expenses awarded or paid to BHI's professionals during the Chapter 11 Case, as well as additional information regarding distributions made pursuant to the Plan.

## NOTICE

45. Notice of this Application sent to (a) the Office of United States Trustee for Region 2, (b)

all holders of Allowed Claims against the Debtor, and © those parties that have requested notice pursuant to Fed.R,Bankr.P. 2002.

46. No further notice is necessary.

## **NO PRIOR REQUEST**

47. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, BHI asks the Court to enter a final decree, substantially in the form attached hereto as Exhibit "A," granting the relief requested herein and granting such other further relief as the Court deems just and proper.

Dated: New York, NY
December 12, 2019

>
> WAYNE GREENWALD, P.C.
> *Attorneys for the Reorganized Debtor*
> *Bella Havana, Inc.*
> 475 Park Avenue South - 26th Floor
> New York, New York 10016
> 212-983-1922
>
> By:___/s/ Wayne M. Greenwald__. Pres
>         Wayne M. Greenwald